# LEONARDO M. ALDRIDGE
Attorney-At-Law
66 Willoughby St., Floor 2
Brooklyn, NY 11201

April 1, 2020

**BY ECF**
Hon. Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: U.S. v. Michael Smith, Cr. No. 20-153

Your Honor:

Mr. Michael Smith has been flagged by the Bureau of Prisons as an inmate whose health is particularly at risk at the Metropolitan Correction Center (MCC) because of his severe chronic asthma. The Centers for Disease Control (CDC) recently stated that "people with moderate to severe asthma may be at higher risk of getting very sick from Covid-19. Covid-19 can affect […] respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease".[1] Mr. Smith reported to me today, after a legal call set up by the MCC personnel, that his body hurt all over, that he was dizzy and that his temperature was recently taken but that he does not know the result.

As Your Honor is very well aware of, approximately 97% of all federal criminal indictments are resolved through a plea of guilty.[2] Mr. Smith, statistically speaking, is very likely to end up in that 97%. Furthermore, the defense readily admits that Mr. Smith's criminal history is extensive and that he is very likely a career offender, as defined by the U.S. Sentencing Guidelines. But neither the strength of the government's case, the likelihood of conviction or the length of Mr. Smith's criminal record should be the

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html
[2] https://www.nybooks.com/articles/2014/11/20/why-innocent-people-plead-guilty/

1

determining factors when assessing whether, during this pandemic, bail conditions can be fashioned for his release. The determining factor should be Mr. Smith's health and the life-threatening risk he faces due to his respiratory problems.

The Covid-19 pandemic is a significant change in circumstances that was not present at Mr. Smith's bail hearing before a Magistrate Judge on February 7. In fact, the defense did not present bail arguments at that time. A detention hearing under 18 U.S.C. §3142, however, "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community". 18 U.S.C. §3142 (f).

Under the present circumstances, Mr. Smith's risk of contagion is significantly increased while he is housed at MCC. According to recent reports, people in New York City's jails and prisons are seven times as likely to get coronavirus than the rest of the city's population. At the national level, inmates at New York's correctional facilities are 87 times more likely to get coronavirus.[3] Generally speaking, in closed confines such as MCC, inmates are at a heightened risk of contracting Covid-19 should an outbreak occur. *See* Joseph A. Bick, Infection Control in Jails and Prisons, 45 Clinical Infectious Diseases, 1047, 1047 (Oct. 2007).[4] The unit where he is currently housed – 5-North – is under quarantine, as is most of MCC, and, according to reports gathered by members of the defense bar, there is little to no cleaning of surfaces, no real possibility of social distancing, and lackluster hygiene measures at the jail. Because of his pre-existing respiratory problems, Mr. Smith's contracting Covid-19 could result in severe illness and possible death.

Mr. Smith is charged with serious crimes and, eventually, if he is found guilty or pleads guilty, a significant but just punishment can be meted out by the Court. But, right now, while pending the disposition of this matter, and while being presumed innocent during this pandemic that affects him directly, he should be immediately released. Again, his health and his life are at stake.

If released, Mr. Smith would be staying at the following address: 70 Pitt St. Apt. 15-F, New York, NY 10002. The home belongs to Ms. Precious Mitchell, a home health

---

[3] https://www.nydailynews.com/coronavirus/ny-coronavirus-nyc-jails-rikers-island-legal-aid-20200325-o5du2jczc5agrhj42y5tk4gfmi-story.html
[44] https://doi.org/10.1086/521910

aide and a close friend of Mr. Smith. The defense proposes the following conditions of release: house arrest (which should not be hard during these trying times), electronic monitoring device, and an unsecured bond of $50,000 to be signed by two financially responsible family members.

The defense anticipates that the government will most likely stress Mr. Smith's purported dangerousness to the community as arguments against his pre-trial release. Those valid concerns, however, should be allayed by the house arrest the defense proposes, the current city- and national-circumstances, and by an electronic monitoring device. Furthermore, there is solid legal authority to fashion conditions of bail release for a defendant in Mr. Smith's circumstances, and a procedural legal vehicle exists to release Mr. Smith while this pandemic is ongoing. 18 U.S.C §3142(i) provides that, where a detention order has been issued, "a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a U.S. marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for *another compelling reason*". (Emphasis added). Mr. Smith's health and his risk while at MCC are precisely that compelling reason.

In *United States v. Cordero Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002), the federal district court in Puerto Rico released a defendant who it would have otherwise have detained on dangerousness grounds because he had endured severe injuries and his health was at risk. In *United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st. Cir 2009), the Court explained that a defendant who is denied bail, as here, retains the ability to request it in extraordinary circumstances under §3142(i) should future developments with respect to his medical conditions so warrant. In *United States v, DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991), the Second Circuit explained that "exceptional" reasons permitting the release of a defendant are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary".[5] The pandemic has, as of this filing, claimed more than 46,000 lives worldwide – 2,300 in New York State – and is undoubtedly an extraordinary circumstance as defined by the law.

In summary, Mr. Smith has been identified by the BOP as an at-risk inmate at the MCC; he has a documented long history of severe chronic asthma; jails and prisons are naturally more prone to the spread of infectious disease for myriad reasons; Covid-19 is a global pandemic that directly puts Mr. Smith at risk of serious illness or death; the current city- and world-scenario undoubtedly present unique and exceptional

---

[5] Most of the case law cited in this letter was used by the Hon. Alison J. Nathan, from this District, in *United States v. Dante Stephens*, 15-cr-95, where the defendant was released on conditions of bail in the midst of the current pandemic.

circumstances, as defined by law, that warrant a more incisive look from this Court regarding bail; and conditions of bail release can be fashioned to allay Mr. Smith's health risks while balancing societal concerns of dangerousness through electronic monitoring device and home incarceration.

For these reasons, the defense will be arguing for bail during Friday's hearing. After filing this letter with the Court, I will attach it in an email to MCC legal personnel to request that the defendant dial in from MCC and therefore be virtually present during Friday's hearing.

Respectfully,

**_S/Leonardo M. Aldridge_**
Leonardo M. Aldridge
CJA Counsel for the Defendant
Phone: (787) 370-9024
E-mail: leoaldridge@hotmail.com