UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

-v-

MICHAEL SMITH,

        Defendant.

---

20-cr-153(JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    The Court has received a *pro se* motion for a sentence reduction sent to chambers by defendant Michael Smith, which will be filed on the docket concurrently herewith. In the motion, defendant seeks a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."), which were subsequently made retroactive by Amendment 825. Amendment 821, among other things, modified the way criminal history points are calculated for offenses committed while under a criminal justice sentence (e.g. while on probation or supervised release). Under the prior rule, if the underlying offense was committed while under a criminal justice sentence, two points were added to the defendant's criminal history score. After the amendment only one point would be added for offenses committed under a criminal justice sentence, and only if the defendant otherwise had a criminal history score of 7 points or more. *See* U.S.S.G § 4A1.1(e).

    Defendant seeks a reduction of his sentence based upon this change. While defendant committed the underlying offense under a criminal justice sentence, the change made by Amendment 821 would not

1

have affected his sentence. This is because defendant qualified as a career offender within the meaning of U.S.S.G. § 4B1.1, and his criminal history category was automatically set as Category VI, regardless of the calculation of criminal history points outlined by U.S.S.G § 4A1.1. *See* Final PSR (Dkt. 69) ¶ 50. Accordingly, because Amendment 821 did not impact defendant's recommended guidelines sentence, the Court hereby denies defendant's motion for a sentence reduction.

    SO ORDERED.

New York, NY
June 20, 2024

_____
JED S. RAKOFF, U.S.D.J.